*paid*

*1539*

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF PENNSYLVANIA

Brent Clark, M.D.,

     Plaintiff,

v.

SiriusPoint America Insurance Company,

     Defendant,

and

International Medical Group, Inc. d/b/a iTravelInsured,

     Defendant.

**FILED**

8/3/26

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Civil Action No.: *2:26 - CV-1629*

## COMPLAINT

1

Plaintiff, proceeding pro se, brings this Complaint against Defendants SiriusPoint America Insurance Company and International Medical Group, Inc. d/b/a iTravelInsured, and states:

PARTIES

1. Plaintiff is an adult individual residing in Pennsylvania.

2. Defendant SiriusPoint America Insurance Company is an insurance company with a principal place of business at One World Trade Center, 285 Fulton Street, 47th Floor, New York, NY 10007, and conducts business in Pennsylvania.

3. Defendant International Medical Group, Inc. d/b/a iTravelInsured ("IMG") is a claims administrator headquartered in Indianapolis, Indiana, and conducts business in Pennsylvania, including the administration and denial of travel insurance claims.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Pennsylvania, SiriusPoint is a citizen of New York, IMG is a citizen of Indiana, and the amount in controversy exceeds $75,000 including punitive damages under 42 Pa.C.S. § 8371 and treble damages under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and the events giving rise to the claims occurred here.

## FACTUAL ALLEGATIONS

6. Plaintiff purchased an Individual Travel Protection Policy underwritten by SiriusPoint America Insurance Company through IMG, policy number TCCH085577613. A true and correct copy of the policy is attached as Exhibit A.

7. The policy states: "This Insurance Policy describes all the travel insurance benefits underwritten by SiriusPoint America Insurance Company." (Exhibit A)

8. The policy expressly promises coverage for Trip Cancellation due to "Bankruptcy or Default of the airline, cruise line, tour operator or other travel provider... The Bankruptcy or Default must cause a complete cessation of travel services." (Exhibit A)

9. Plaintiff purchased the policy within the required Time Sensitive Period.

10. Plaintiff booked a cruise. The cruise sponsor defaulted on payments owed to the cruise ship operator, resulting in a complete cessation of travel services and cancellation of the cruise.

11. This event constitutes a covered "Default" under Exhibit A.

12. Plaintiff submitted a claim, claim number T48992, for reimbursement of prepaid, nonrefundable trip costs.

13. IMG handled and administered Plaintiff's claim on behalf of SiriusPoint.

14. More than sixty (60) days after Plaintiff submitted his claim, IMG sent an email stating it was "waiting for more information from the provider or booking agent."

15. The email did not request any information from Plaintiff and did not identify any information Plaintiff was required to provide.

16. The email occurred after the contractual 60-day settlement period stated in Exhibit A.

17. Defendants did not identify any valid exclusion in Exhibit A that would bar coverage.

3

18. Plaintiff suffered financial loss equal to the prepaid, nonrefundable cost of the cancelled cruise and related travel arrangements.

## COUNT I – BREACH OF CONTRACT -Against SiriusPoint

19. Plaintiff incorporates paragraphs 1 through 18.

20. Plaintiff and SiriusPoint entered into a valid insurance contract as shown in Exhibit A.

21. Plaintiff performed all obligations under the contract.

22. SiriusPoint breached the contract by refusing to pay benefits for a covered Trip Cancellation reason stated in Exhibit A.

23. SiriusPoint further breached the contract by failing to settle Plaintiff's claim within sixty (60) days as promised in Exhibit A.

24. IMG acted as SiriusPoint's agent, and SiriusPoint is responsible for IMG's claim-handling actions.

25. As a direct result of SiriusPoint's breach, Plaintiff suffered damages including loss of prepaid travel expenses.

WHEREFORE, Plaintiff seeks contractual damages, interest, costs, and any other relief deemed appropriate.

## COUNT II – BAD FAITH 42 Pa.C.S. § 8371-Against SiriusPoint Only

26. Plaintiff incorporates paragraphs 1 through 18.

27. SiriusPoint acted in bad faith by denying a claim expressly covered by Exhibit A.

28. SiriusPoint failed to conduct a reasonable investigation.

29. SiriusPoint failed to request information within the 60-day settlement period.

4

30. SiriusPoint relied on exclusions not present in Exhibit A.

31. SiriusPoint misrepresented policy terms.

32. SiriusPoint failed to settle the claim within sixty (60) days.

33. SiriusPoint placed its own financial interests above the rights of the insured.

34. IMG acted as SiriusPoint's agent, and SiriusPoint is responsible for IMG's conduct.

WHEREFORE, Plaintiff seeks punitive damages, statutory interest, costs, and any other relief permitted under § 8371.

## COUNT III – BAD FAITH CLAIM-HANDLING -Against IMG

35. Plaintiff incorporates paragraphs 1 through 18.

36. IMG administered and failed to pay Plaintiff's claim within the contractual 60-day period.

37. IMG failed to conduct a reasonable investigation.

38. IMG failed to request information within the 60-day settlement period.

39. IMG sent a post-deadline email falsely stating it was "waiting for information" without identifying any information needed from Plaintiff.

40. IMG misrepresented the status of the claim.

41. IMG engaged in unreasonable delay and deceptive claim-handling practices.

WHEREFORE, Plaintiff seeks punitive damages, statutory interest, costs, and any other relief permitted under Pennsylvania law.

5

**COUNT IV – UTPCPL -Against SiriusPoint**

42. Plaintiff incorporates paragraphs 1 through 18

43. SiriusPoint engaged in unfair and deceptive acts or practices under Section201-2(4)(ii,iii,ix,x,xiv,xxi).

44. SiriusPoint advertised and sold the policy in Pennsylvania.

45. SiriusPoint represented that the policy covered supplier default, then refused to honor that coverage.

46. SiriusPoint failed to disclose any exclusion that would bar coverage.

47. SiriusPoint misrepresented the rights and remedies available under Exhibit A.

48. Plaintiff relied on SiriusPoint's representations.

49. Plaintiff suffered ascertainable loss.

WHEREFORE, Plaintiff seeks actual damages, treble damages, costs, and any other relief deemed appropriate.

**COUNT V – UTPCPL -Against IMG**

49. Plaintiff incorporates paragraphs 1 through 18.

50. IMG engaged in unfair and deceptive acts or practices under Section201-2(4)(ii,iii,ix,x,xiv,xxi).

51. IMG administered the claim in Pennsylvania.

52. IMG engaged in deceptive claim-handling practices.

53. IMG misrepresented the status of the claim.

54. IMG falsely implied that third-party delays justified its failure to settle the claim.

55. Plaintiff relied on IMG's representations.

56. Plaintiff suffered ascertainable loss.

WHEREFORE, Plaintiff seeks actual damages, treble damages, costs, and any other relief deemed appropriate.

## COUNT VI – PROMISSORY ESTOPPEL -Against SiriusPoint

56. Plaintiff incorporates paragraphs 1 through 18.

57. SiriusPoint made clear and definite promises of coverage for trip cancellation caused by supplier default as shown in Exhibit A.

58. SiriusPoint promised that claims would be settled within sixty (60) days.

59. Plaintiff reasonably relied on these promises.

60. Plaintiff suffered financial detriment when SiriusPoint refused to honor the promises.

WHEREFORE, Plaintiff seeks enforcement of the promised benefits, damages, costs, and any other relief deemed appropriate.

## COUNT VII – PROMISSORY ESTOPPEL -Against IMG

61. Plaintiff incorporates paragraphs 1 through 18.

62. IMG communicated and reinforced SiriusPoint's promises of coverage and timely settlement.

63. IMG knew Plaintiff relied on these promises.

64. IMG's post-deadline email demonstrates an attempt to avoid obligations after Plaintiff relied on them.

65. Plaintiff suffered financial detriment due to IMG's conduct.

WHEREFORE, Plaintiff seeks damages, costs, and any other relief deemed appropriate.

**DEMAND FOR JURY TRIAL**

66. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

s/ Brent Clark, M.D. 8/3/2026

Brent Clark, M.D.

Brent Clark M.D
946 William Penn Court
Pittsburgh, PA 15221

8